IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS M. HAYLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:11-CV-146-WKW [WO] |
| | ) |
| TRIUS ENERGY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas M. Hayley filed a Complaint (Doc. # 1, Attach. 3) against Trius Energy, LLC ("Trius") in the Circuit Court of Lee County, Alabama. The Complaint brings state-law causes of action for breach of contract, fraud, and unjust enrichment, arising out of an agreement wherein Mr. Hayley purchased from Trius a one percent working interest in an oil well in Winkler County, Texas, known as the A.G. Hill Well # 1. According to Plaintiff, Trius's representations about the well's production capabilities were inaccurate (Compl. ¶¶ 6-7), and Plaintiff, through this lawsuit, seeks to force Trius to abide by the alleged contract and repurchase Mr. Hayley's initial investment, plus interest. Trius removed the case to this court (Not. of Removal (Doc. # 1)), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Currently pending is Plaintiff's fully-briefed Motion to Remand (Doc. # 8) based solely upon a forum selection clause in the contract. The motion is due to be denied.

## I.  STANDARD OF REVIEW

"Forum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  "The validity [and scope] of a forum selection clause [are] determined under the usual rules governing the enforcement of contracts in general." *Id.* (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).  "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (citing *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008)).  If there is any ambiguity in the application of the clause, "the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document." *Id.* (citing *Global Satellite Commc'n v. Starmill U.K.*, 378 F.3d 1269, 1271 (11th Cir. 2004)).

## II.  DISCUSSION

The Eleventh Circuit "characterize[s] forum-selection clauses as either 'permissive' or 'mandatory.'" *Slater*, 634 F.3d at 1330 (quoting *Global Satellite*, 378 F.3d at 1272).  "'A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere[.]'" *Id.* (quoting *Global Satellite*, 378 F.3d at 1272).  On the other hand, "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Global Satellite*, 378 F.3d at 1272).

The forum selection clause in this case reads as follows:

> In the event a dispute arises among the parties both agree that the laws of the State of Alabama shall govern and both parties agree that Venue is proper in Circuit Court of Lee County, Alabama and consent to the personal and subject matter jurisdiction thereof regardless of the nature of the claim and amount of damages.

(Agreement ¶ 8 (Doc. # 8, Ex. A).)

In arguing for remand, Mr. Hayley characterizes the clause as mandatory, stating that he and Trius "specifically contracted to have all disputes [arising] under this Agreement heard in the Circuit Court of Lee County, Alabama . . . ." (Mot. to Remand ¶ 7.) Although the choice-of-law clause is mandatory because the clause states that Alabama law "shall" govern, *see Global Satellite*, 378 F.3d at 1272 (interpreting "shall" as stating an imperative), the forum selection clause itself is more equivocal. It merely states that "[v]enue is proper in Circuit Court of Lee County, Alabama . . . ." (Agreement ¶ 8.) In deciphering whether this is a permissive or mandatory forum selection clause, it is important to take stock of what easily could have been said, but was not. The clause does not say that venue "shall be" in the Circuit Court of Lee County, Alabama. *See Global Satellite*, 378 F.3d at 1272 (holding that "[v]enue shall be in Broward County" is a mandatory clause). Nor does the clause say that venue is proper "only" in the Circuit Court of Lee County, Alabama, another possible way of unambiguously stating a mandatory forum selection clause.

Guided by the plain meaning of what actually was reduced to writing, the court finds that the forum selection clause at issue is permissive. Stating that one venue is "proper" does not by its terms exclude every other venue as improper. A plain reading suggests that the

3

parties simply agreed that if a lawsuit was filed in the Circuit Court of Lee County, neither party would contest the court's subject matter or personal jurisdiction, or venue.

Trius's consent to personal and subject matter jurisdiction in the Circuit Court of Lee County "regardless of the nature of the claim and amount of damages" does not amount to an unequivocal waiver of the statutory right of removal to federal court. While reference to the amount of damages may suggest thoughts of removal, it is at best ambiguous language to be construed against the drafter. *Slater*, 634 F.3d at 1330 (citing *Global Satellite*, 378 F.3d at 1272). Mr. Hayley does not rebut Trius's assertion that Mr. Hayley drafted the contract, including the forum selection clause contained therein. (Def.'s Resp. ¶ 11 (Doc. # 10).) Thus, even if there exists an ambiguity in the clause as to whether it is permissive or mandatory, or whether the statement about damages contemplates this court's diversity jurisdiction, the court "prefer[s] the reasonable interpretation that operates more strongly against [Mr. Hayley] . . . ." *Slater*, 634 F.3d at 1330.

Based on the parties involved – an individual in Alabama and a corporate resident of Texas with its principal place of business in Texas (and presumably with few contacts to the state of Alabama based upon the nature of its business) – it would have been advantageous for Mr. Hayley to have Trius contractually agree to waive the defenses of improper venue and lack of personal jurisdiction in the event that Mr. Hayley chose to sue on the contract. And, as the drafter of the contract, this is precisely what Mr. Hayley did. But he did not include language in which Trius unequivocally waived its right of removal to federal court.

4

There being no other argument for remand, and the court being satisfied of its diversity jurisdiction, Mr. Hayley's motion to remand is due to be denied.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 8) is DENIED.

DONE this 10th day of May, 2011.

                                                  /s/ W.  Keith Watkins  
                                       UNITED STATES DISTRICT JUDGE